HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES M. BLAIR,

    Plaintiff,

v.

ALASKAN COPPER AND BRASS CO., et al.,

    Defendants.

CASE NO. C07-1877RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff James Blair's motion to appoint counsel (Dkt. # 53), his motion to designate a mediator (Dkt. # 68), and his motion to exclude evidence (Dkt. # 71), as well as Defendant's motion for summary judgment (Dkt. # 54) and Defendant's motion in limine (Dkt. # 77). The court heard from the parties at a pretrial conference today, and ruled on all pending motions from the bench. This order memorializes those rulings, and also memorializes certain issues resolved at the pretrial conference. As stated below, the court DENIES Mr. Blair's motion to appoint counsel and his motion to designate a mediator (Dkt. ## 53, 68), GRANTS his motion to exclude and Defendant's motion in limine (Dkt. ## 71, 77), and GRANTS in part and DENIES in part Defendant's motion for summary judgment (Dkt. # 54). The court notes that the parties agreed to waive their right to a jury trial at the pretrial conference, and that the parties will file a document memorializing their waiver. The court VACATES the April 20 trial date and sets trial for April 27, commencing at 9:00 a.m. On the assumption that

ORDER – 1

the parties will confirm their waiver of a jury trial, the court VACATES all other pretrial deadlines, and requires the parties to submit a revised pretrial order in light of the court's rulings today as well as trial briefs and any supplements thereto by April 23. Finally, the court confirms that Defendant Alaskan Copper and Brass Co. ("Alaskan Copper") is the only Defendant in this action.

## II. SUMMARY OF RULINGS

Mr. Blair has represented himself from the outset of this action. He first moved for appointed counsel in December 2007, and Magistrate Judge Mary Alice Theiler referred his motion to this District's pro bono screening committee. The committee recommended that counsel not be appointed for Mr. Blair, and Judge Theiler followed the recommendation, denying Mr. Blair's motion in March 2008. Mr. Blair moved for reconsideration of that order, and the court denied that motion in May 2008. Now, as trial approaches, Mr. Blair has moved again for the appointment of counsel. Although the court is mindful of the challenges facing a pro se litigant, and would prefer that the court had resources to ensure that all litigants have counsel, the reality is that there is a limited pool of attorneys willing to provide pro bono assistance. This District has adopted a plan for the appointment of pro bono counsel in certain cases, under which the pro bono screening committee is given substantial discretion. *See* General Order, Sept. 21, 2006 (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions) (available at http://www.wawd.uscourts.gov). The court finds no reason to disturb the screening committee's recommendation in this case, and thus denies Mr. Blair's motion to appoint counsel.

Similar concerns underlie the court's denial of Mr. Blair's motion to designate a mediator. The court notes that, at least initially, it appears that Mr. Blair refused to cooperate with opposing counsel in selecting a mediator. Now, it appears that the biggest impediment to mediation is that Mr. Blair is either unwilling or unable to pay his share of mediation costs. The court finds mediation to be an extraordinarily valuable alternate

ORDER – 2

dispute resolution method, consistent with Local Rules W.D. Wash. CR 39.1, and would strongly prefer that all civil litigants attempt mediation. Unfortunately, as with appointed counsel, the pool of qualified persons willing to mediate cases without compensation is limited. The court also notes that Mr. Blair does not contest Alaskan Copper's repeated statements that the parties are so far apart in their settlement demands that mediation would not be fruitful. The court therefore excuses the parties from the mediation requirement, pursuant to its authority under Local Rules W.D. Wash. CR 39.1(a)(4). The court denies Mr. Blair's motion to designate a mediator for that reason.

The court grants Mr. Blair's motion to exclude evidence related to his previous claims against employers other than Alaskan Copper. There is no evidence before the court regarding the nature of those claims or whether they were well-founded. The only evidence about these claims is that they settled out of court. Mr. Blair has a right to pursue employment claims, and a right to settle them. Absent a substantially stronger showing that these prior claims have any bearing on his dispute with Alaskan Copper, the court finds no value in discussing them at trial.

The court also grants Alaskan Copper's motion in limine, which seeks to exclude three types of evidence. First, it properly requests exclusion of all evidence related to Kenneth Raplee's August 2006 arrest for driving while intoxicated. Mr. Blair has offered no evidence suggesting that this arrest bears on any issue relevant to this employment dispute. The court excludes all evidence related to the DUI arrest for that reason. Second, Alaskan Copper properly notes that there is no claim in this action related to Mr. Blair's union membership or any breach of the union's collective bargaining agreement ("CBA"). Mr. Blair pursued claims based on a breach of the CBA to a final determination by an arbitrator, and Mr. Blair has not taken any of the steps that would permit this court to revisit that determination. Evidence regarding the CBA or Mr. Blair's union grievance is not relevant at trial. Third, the court will exclude evidence related to an EEOC charge brought and ultimately withdrawn by Alaskan Copper

ORDER – 3

employee Tim Berry. The primary concern here is that there is no indication that Mr. Berry will be available as witness at trial, either in person or through deposition testimony. Without Mr. Berry, the court is unaware of any means by which Mr. Blair could present evidence related to his EEOC charge, as any such evidence would be hearsay. For that reason, and because the court does not wish to expend judicial resources pursuing a collateral issue, the court will not hear evidence related to that charge.

In ruling on the parties' motions to exclude evidence, the court leaves open the possibility that the parties' presentation of evidence at trial may make some of the evidence that the court has excluded relevant for reasons not currently before the court. For example, if Alaskan Copper suggests that no African-American employee other than Mr. Blair has filed a discrimination charge, the court would revisit its exclusion of evidence related to Mr. Berry's charge.

Finally, the court turns to Alaskan Copper's motion for summary judgment. In memorializing its oral rulings, the court emphasizes to the parties that it is much more difficult to obtain summary judgment on a claim than it is to prevail on a claim at trial. On summary judgment, the court is constrained to take all evidence presented in the light most favorable to the non-moving party. Because of that standard, the court finds that Mr. Blair has presented triable issues on his claims of retaliation, race discrimination, and hostile work environment. As to the retaliation claim, the temporal proximity of some of the adverse employment actions to Mr. Blair's EEOC complaints makes it impossible, in this court's view, to negate Mr. Blair's claim as a matter of law. As to the race discrimination claim, the court finds that Mr. Blair has presented evidence that, if believed, would establish that employees who were not African-American received preferential treatment on the shift on which Mr. Blair worked. Although none of that evidence shows that persons who engaged in the same conduct as Mr. Blair received more favorable treatment, it is sufficient to suggest the possibility of a racial motivation

ORDER – 4

for the adverse employment actions taken against Mr. Blair. For similar reasons, the court will permit Mr. Blair's hostile work environment claim to proceed to trial.

The court grants the summary judgment motion, however, as to Mr. Blair's age discrimination and "whistleblowing" claims. Mr. Blair simply failed to present sufficient evidence to allow any inference that employees were treated differently because of their age. His "whistleblowing" claim fails not because of a lack of evidence, but because of the lack of a statutory basis. The court is aware of no statute that would apply to Mr. Blair's complaints about workplace safety. As the court explained in its oral ruling, the two Washington statutes that cover whistleblowing activity are not available to Mr. Blair under the circumstances presented in this case. Federal whistleblowing statutes are similarly unavailable. The court notes that there is likely substantial overlap between Mr. Blair's "whistleblowing" activity and the activity underlying his retaliation claim. To the extent that Mr. Blair engaged in conduct that can validly serve as the basis for a retaliation claim, he will be permitted to present such evidence. He will not, however, be permitted to pursue a separate "whistleblowing" claim.

The preceding discussion disposes of all of the parties' pretrial motions. Alaskan Copper also made an oral motion at the pretrial conference to formally dismiss any individual defendants from this action. At various points in this litigation, Mr. Blair has suggested that he is bringing his claims not only against Alaskan Copper, but various members of its management. He did not formalize his claims against any individual defendant. He never served any individual defendant with process. Indeed, the docket of this action does not reflect that there are defendants other than Alaskan Copper. In any event, Mr. Blair agreed at the pretrial conference that he is not pursuing any claims against individual defendants, and this order memorializes that there are no defendants in this action other than Alaskan Copper.

As discussed at the pretrial conference, the court VACATES the April 20 trial date and resets it for April 27 at 9:00 a.m. In light of the issues the court resolved today, the

ORDER – 5

court will require the parties to submit a revised pretrial order. That order will be due by noon on April 23. The parties' trial briefs (or any supplements to trial briefs that they have already filed) will be due at the same time. The court will set a deadline for proposed findings of fact and conclusions of law after the conclusion of trial. Any deadlines inconsistent with these deadlines are hereby vacated. In particular, in light of the parties' waiver of a jury, the parties need not submit proposed jury instructions or voir dire.

### III. CONCLUSION

For the reasons stated above, the court DENIES Mr. Blair's motion to appoint counsel and his motion to designate a mediator (Dkt. ## 53, 68), GRANTS his motion to exclude and Defendant's motion in limine (Dkt. ## 71, 77), and GRANTS in part and DENIES in part Defendant's motion for summary judgment (Dkt. # 54). The parties shall file a document memorializing their waiver of a jury trial. The court VACATES the April 20 trial date and sets trial for April 27, commencing at 9:00 a.m. The pretrial submissions that the court identified above are due on April 23 at Noon, and any pretrial deadlines inconsistent with this order are VACATED.

DATED this 9th day of April, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6